UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID BRANSCOMB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 1:20-CV-213-HAB |
| v. | ) | |
| | ) | Indiana Supreme Court Cause No. |
| WAL-MART STORES EAST, LP, et al., | ) | 20S-CQ-515 |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

One of the hardest tasks for a district court in crafting a certified question under Indiana Appellate Rule 64 is distilling a complex issue of state law into one or two sentences. Those sentences must encompass the breadth and width of the issue and must do so with enough clarity to allow the parties and the Indiana Supreme Court to meaningfully discuss the question presented. The Court believed that it had certified a clear and concise question in this case but, after viewing oral argument, the Court concludes that it failed. The parties and the Indiana Supreme Court spent much of the argument not on the issues presented by the Court's question, but instead trying to determine the meaning of the phrase "directly involved" as it was used in the question. Accordingly, to avoid having the Indiana Supreme Court "buy a pig in a poke," as Justice Slaughter put it, and to avoid the Indiana Supreme Court wasting its precious judicial resources trying to resolve any confusion regarding the phrase "directly involved" or otherwise drafting an opinion that does not address the intent of this Court's certified question, the Court issues this clarification.

The federal cases addressing fraudulent joinder in the context of big box store managers share many similarities, as this Court documented in its August 5, 2020, Opinion and Order. (ECF No. 23 at 6–10). However, one aspect that the cases share without exception is the lack of any

allegation, or indeed argument, of a discrete act or omission by the non-diverse manager in relation to the instrumentality of injury. The case at bar presents a perfect example. With respect to Defendant Jim Clark, the manager of the Huntington Walmart, the entirety of the Plaintiffs allegations are as follows:

> 2. On April 21, 2019, Defendant, Jim Clark, was the store manager at the Wal-Mart store located at 2800 Wal-Mart Drive, in Huntington, Huntington County, Indiana.
>
> 3. The injuries and damages sustained were the responsible result of the carelessness and negligence of Defendant, Jim Clark, for failing to properly hire, train, and supervise Wal-Mart's employees, failing to have and/or implement proper safety policies and procedures and for failing to properly inspect and maintain the property in a safe condition.

(ECF No. 3 at 3).

To borrow a phrase used by Plaintiffs' counsel at the oral argument, what is not said in the allegations speaks louder than what is said. Plaintiffs do not allege, and have not argued at any point in this litigation, that Defendant Clark placed the pallet in the location of Plaintiff David Branscomb's fall, that he ordered someone to place the pallet there, that he passed by the pallet and, with knowledge of the dangerous condition, failed to act, or that he played any role whatsoever in the condition of the land that Plaintiffs identify as the cause of their damages. It is this lack of a discrete act or omission in relation to the instrumentality of injury that the Court had in mind when it used the phrase "not directly involved in the plaintiff's accident." (ECF No. 23 at 15).

2

If Plaintiff had alleged any such act or omission, the issue would not be before the Indiana Supreme Court. As this Court stated in its prior Opinion and Order,

> The Court should not be heard to say that an employee could never be held liable for an injury to a customer. Where an agent or servant of an entity commits a wrongful act, "both master and servant are liable for any injury and damages caused by such negligence, *and either or both may be sued therefor at the option of the injured party*." *United Farm Bureau Mut. Ins. Co. v. Blossom Chevrolet*, 668 N.E.2d 1289, 1291 (Ind. Ct. App. 1996), *disapproved of on other grounds Pelo v. Franklin College of Ind.*, 715 N.E.2d 365 (Ind. 1999), and quoting *Henry B. Steeg and Assocs. v. Rynearson*, 241 N.E.2d 888, 889 (1968) (original emphasis). This point is undisputed.

(ECF No. 23 at 12–13). If any plaintiff, in any fraudulent joinder case, had alleged that the manager hung the mirror that crushed the young child (*Antonio v. Wal-Mart*, No. 1:07-CV-006-JDT-TAB, 2007 WL 2884371 (S.D. Ind. Sept. 27, 2007)), or turned a blind eye to an obvious pool of salmonella-laced chicken juice (*Perry v. Higgins-Ballas*, No. 2:18-CV-79, 2018 WL 3158510 (N.D. Ind. June 27, 2018)), then those courts would have had no need to delve into the far more esoteric issues of corporate officer liability, agency law, and delegation of duty. Indeed, the issue of fraudulent joinder would never arise at all, since there would be an obvious and clear avenue of liability to pursue.

It is this set of ambiguous cases on which this Court seeks guidance, and about which the federal courts have announced the lack of clear Indiana precedent. This Court is not requesting direction from the Indiana Supreme Court on how to handle a case where the non-diverse manager engages in a specific, identified act or omission that directly led to the plaintiff's alleged injury. That law is clear. What is not clear is whether that same manager, having played no personal, direct role in creating the injury-causing condition, can be held liable under Indiana law. That is the question that is raised in the case at bar, and that is the question that this Court intended to certify.

3

Accordingly, the Court CLARIFIES its prior certified question as set forth herein. The Clerk of the Court is DIRECTED to provide the Indiana Supreme Court with a copy of this Opinion and Order.

SO ORDERED on November 19, 2020.

                                       s/ Holly A. Brady
                                       JUDGE HOLLY A. BRADY
                                       UNITED STATES DISTRICT COURT