**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DAVID BRANSCOMB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-CV-213-HAB |
| | ) | |
| WAL-MART STORES EAST, LP, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On August 5, 2020, this Court certified the following question to the Indiana Supreme

Court:

> May a plaintiff bring a claim in negligence against a store manager, not directly
> involved in the plaintiff's accident, based on a delegation of the premises owner's
> duties toward invitees, Indiana agency law, or any other legal principle? If so, what
> is the scope of that duty?

(ECF No. 23 at 15). As this Court predicted in this case and in *Gunkel v. Chrysler*, 1:19-CV-499-

HAB-SLC, 2020 WL 820881 (N.D. Ind. Fed. 18, 2020), the Indiana Supreme Court answered that

question in the negative on April 7, 2021. (ECF No. 32).

With the Indiana Supreme Court's decision in hand, this Court concludes that there is no

reasonable possibility that an Indiana state court would rule against Defendant James Clark. *Poulos*

*v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Therefore, this Court finds that the application

of the fraudulent joinder doctrine is appropriate. As such, this Court will disregard, for

jurisdictional purposes, the citizenship of Clark, assume jurisdiction over the case, dismiss Clark,

and retain jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED. Defendant James Clark's Motion to Dismiss is GRANTED. All claims against Defendant Clark are DISMISSED WITH PREJUDICE.

SO ORDERED on April 8, 2021.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT