# STATE OF INDIANA
# IN THE SUPREME COURT



David Branscomb & Tammy Branscomb

        Appellant(s),

v.

Wal-Mart Stores East, L.P. & James Clark

        Appellee(s).

Cause No. 20S-CQ-00515

## CERTIFICATION

**STATE OF INDIANA**  )
                      ) SS:
Court of Appeals   )

    I, Gregory R. Pachmayr, Clerk of the Supreme Court, Court of Appeals and Tax Court of the State of Indiana, certify the above and foregoing to be a true and complete copy of the Opinion of said Court in the above entitled case.

    IN WITNESS WHEREOF, I hereto set my hand and affix the seal of THE CLERK of said Court, at the City of Indianapolis, this on this the 1st day of September, 2021.

                                               Gregory R. Pachmayr,
                                               Clerk of the Supreme Court





FILED
Apr 07 2021, 1:40 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Indiana Supreme Court

Supreme Court Case No. 20S-CQ-515

## David Branscomb and Tammy Branscomb,
*Appellants/Plaintiffs,*

–v–

## Wal-Mart Stores East, L.P. and James Clark,
*Appellees/Defendants.*

Argued: November 19, 2020 | Decided: April 7, 2021

Certified Question from the
United States District Court for the Northern District of Indiana
Case No. 1:20-CV-213-HAB

The Honorable Holly A. Brady, Judge

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

Today we address whether a store manager can be held liable for negligence when he is not directly involved in the accident at issue. Looking at the facts and circumstances of this case and Indiana law, we hold he cannot.

# Facts and Procedural History

This case comes to us as a certified question from the United States District Court for the Northern District of Indiana. The underlying matter is a personal injury case. In 2019, Plaintiff, David Branscomb, was in Wal-Mart in Huntington, Indiana when he tripped and fell over a wood pallet located in the garden department of the store. David sustained injuries and he and his wife sued Wal-Mart and the store manager in state court seeking damages. With regard to their claims against the store manager, Plaintiffs alleged:

> The injuries and damages sustained were the responsible result of the carelessness and negligence of Defendant, Jim Clark, for failing to properly hire, train, and supervise Wal-Mart's employees, failing to have and/or implement proper safety policies and procedures and for failing to properly inspect and maintain the property in a safe condition.

Joint App. Vol. II p. 22.

Thereafter, Defendants sought to remove the case to federal court, alleging that there was fraudulent joinder. That is, Defendants claimed that the store manager, Clark, an Indiana citizen, was added solely to defeat federal diversity jurisdiction.[1] In support of their position, Defendants supplied the affidavit of Clark wherein Clark states, among other things that he: (1) "was neither working nor physically present" on

---

[1] Wal-Mart is not an Indiana citizen.

the day of the incident; and (2) "[does] not have the individual discretion to unilaterally determine safety policies or procedures for the store, but rather [is] given and follow[s] the directives and instructions by managers from higher up the Wal-Mart corporate ladder." Id. at 76. In response, Plaintiffs sought to remand the matter back to state court alleging that, *inter alia*, there were issues of fact precluding a determination that Clark was fraudulently joined.

Noting that there is no clear precedent in cases such as these—where there is a non-diverse store manager who played no personal or direct role in the alleged injury—the United States District Court *sua sponte* issued an order seeking this Court's guidance in resolving the issue of whether Clark could be liable as a defendant where Clark did not have any direct involvement in Plaintiffs' injuries. *Branscomb v. Wal-Mart Stores East, LP*, No. 1:20-CV-213-HAB, 2020 WL 4501768, at *1, *8 (N.D. Ind. Aug. 5, 2020), *clarified by Branscomb v. Wal-Mart Stores East, LP*, No. 1:20-CV-213-HAB, 2020 WL 6797149 (N.D. Ind. Nov. 19, 2020). Looking at the specific facts in this particular case, and noting the paucity of the record before us, we answer the district court's question in the negative.

## Standard of Review

For the purposes of answering this certified question, the sole question before us is whether Clark owed a duty to Plaintiffs. "[W]hether a duty exists is a question of law for the court to decide." *Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind. 2004) (citation omitted.)

## Discussion and Decision

Plaintiffs' Complaint sets forth three claims against Clark. They allege he is liable for: (1) failing to properly hire, train, and supervise Wal-Mart's employees; (2) failing to have and/or implement proper safety policies and procedures; and (3) failing to properly inspect and maintain the property in a safe condition. We will address each potential basis of liability and, in turn, whether Clark can be liable under Indiana law.

# I. Plaintiffs cannot recover from Clark based on their failure to properly hire, train and supervise claim.

While Indiana recognizes the tort of negligent hiring, training and supervision, it does not apply when the tortfeasor employee is acting in the course and scope of employment. *See Sedam v. 2JR Pizza Enterprises, LLC*, 84 N.E.3d 1174, 1178 (Ind. 2017) ("Indiana precedent spanning nearly five decades hold[s] that an employer's admission that an employee was acting within the course and scope of his employment precludes negligent hiring claims"); *Clark v. Aris, Inc.*, 890 N.E.2d 760, 765 (Ind. Ct. App. 2008) (Under a theory of negligent retention and supervision, liability may be imposed on an employer when an employee "steps beyond the recognized scope of his employment to commit a tortious injury upon a third party.") Here there is nothing in the record to suggest that whoever placed the pallet on the floor in the Wal-Mart garden center did so outside the scope of their employment and Plaintiffs make no such allegation.

Further, and importantly, the tort of negligent hiring, training and supervision, is one pled against **an employer**. Indeed, review of Indiana caselaw on this issue reveals that it is the employer that is sued for negligent hiring claims, not the manager, supervisor, or any other employee of the company, but the company itself. For example, in *Sedam*, it was the company that was sued, not the manager or supervisor of the tortfeasor delivery driver. *See Sedam*, 84 N.E.3d at 1176.

For both of the above listed reasons, Clark, an employee of Wal-Mart, cannot himself be liable to Plaintiffs under a theory of negligent hiring, training and supervision because he is not the employer and there is no indication or allegation that the pallet that caused Plaintiffs' injuries was placed by an employee acting outside the scope of his employment.

## II. Plaintiffs cannot recover from Clark based on their failure to have and/or implement proper safety policies and procedures claim.

While the record in this case is sparse, we do have the affidavit of Clark wherein he states that he "[does] not have the individual discretion to unilaterally determine safety policies or procedures for the store, but rather [is] given and follow[s] the directives and instructions by managers from higher up the Wal-Mart corporate ladder." Joint App. Vol. II p. 76. Plaintiffs have not offered anything to counter Clark's statements that he has nothing to do with the creation of safety procedures and because his statement is uncontested, we accept Clark's statements as true.

## III.   Plaintiffs cannot recover from Clark based on their failure to inspect and maintain the property claim.

This claim is the meat and potatoes of Plaintiffs' complaint as it relates to Clark and it implicates both premises liability law and agency law. As a patron of the Huntington Wal-Mart store, David was a business invitee. Our Court has adopted Section 343 of the Restatement (Second) of Torts which sets forth the duty of care owed by a premises owner or possessor of land to its invitees. *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991). That Section provides that any possessor of land may be held liable if it: (1) knew that the condition existed and realized that it represented an unreasonable danger to the invitee, or should have discovered the condition and its danger; (2) should have expected that the invitee would not discover or realize the danger of the condition, or would fail to protect herself against it; and (3) failed to use reasonable care to protect the invitee against the danger. Restatement (Second) of Torts § 343 (1965). The Restatement defines a possessor of land as:

> (a) a person who is in occupation of the land with intent to control it or
> (b) a person who has been in occupation of land with intent to

> control it, if no other person has subsequently occupied it with
> intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the
> land, if no other person is in possession under Clauses (a) and
> (b).

Restatement (Second) of Torts § 328E (1965).

Additionally,

> [i]n premises liability cases, whether a duty is owed depends
> primarily upon whether the defendant was in control of the
> premises when the accident occurred. The rationale is to subject
> to liability the person who could have known of any dangers
> on the land and therefore could have acted to prevent any
> foreseeable harm.

*Rhodes v. Wright,* 805 N.E.2d 382, 385 (Ind. 2004) (citation omitted).

Here, Clark is not the possessor of the land: Walmart is. Plaintiffs argue that Clark may have been delegated sufficient control over the premises as to owe them a duty of care (e.g., he may have had something to do with placing the pallet or allowing its placement the day before). However, looking at the language of the Restatement itself, it does not apply to Clark. Clark was not "in occupation of the land with intent to control it" on his day off. Restatement (Second) of Torts § 328E (1965). Further, caselaw clearly provides that control of the premises (for purposes of determining duty) is "when the accident occurred." *Rhodes*, 805 N.E.2d at 385.

Next, even assuming Clark is a person who has been "in occupation of land with intent to control it," it cannot be said that "no other person has subsequently occupied it with intent to control it" as Wal-Mart will retain some ultimate control and in Clark's absence someone else was in charge of the store. Finally, the third option listed in the Restatement involving future entitlement to occupy the land cannot apply to Clark if someone else is entitled to occupy the land with intent to control it either.

While Indiana case law does not explicitly provide (1) that a big box store can never delegate the duty of care to keep the store safe to a manager or (2) that the duty of care cannot be shared between the store and the manager, it seems that both are true based on the language of the Restatement and the reality that Wal-Mart itself has the right to come in and control the premises. And, importantly, there is no indication that Wal-Mart gave over control to Clark at any point.

This position is consistent with caselaw that acknowledges a delegation of a duty relieves the party that delegates from that duty. *See, e.g., Bartholomew Cnty. v. Johnson*, 995 N.E.2d 666, 675 (Ind. Ct. App. 2013) (discussing the general rule that "a principal who delegates a duty to an independent contractor is not liable for the negligence of that independent contractor in performing the duty" and the "non-delegable duty" exception to that rule). Here Plaintiffs are not claiming Wal-Mart is delegating the duty to Clark in its entirety. Instead, they argue that both parties share the duty. However, this position is not consistent with the definition of the possessor of land or other caselaw as it relates to duty.

Further supporting our position that only Wal-Mart has the duty to maintain the premises is Indiana precedent that an employer may not delegate its duty to keep the premises safe for its own employees. *See Brazil Block Coal Co. v. Young*, (1889) 117 Ind. 520, 20 N.E. 423 ("This is a duty which rests upon the employer, and which he cannot delegate. No matter by whom the duty is performed, the employer is responsible if it is negligently performed, and from that negligence injury results. The employer cannot escape liability by delegating it to an agent.") While Plaintiff is not an employee, we see no reason to adopt a different standard for business invitees than for employees when it comes to safety on the premises especially when an invitee is owed such a high duty of care.  *See Burrell*, 569 N.E.2d at 639 ("[A] landowner owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the landowner's premises.").

Plaintiffs also cite several different sections of the Restatement of Agency under which they claim Clark could be held liable. However, most of these sections have not been adopted in Indiana. It seems only

Section 352, which has been discussed with approval in Indiana, could provide Plaintiff with a potential avenue for recovery here. *See Marshall v. Erie Ins. Exch.*, 923 N.E.2d 18, 25-26 (Ind. Ct. App. 2010), *aff'd on reh'g*. That Section provides:

> An agent is not liable for harm to a person other than his principal because of his failure adequately to perform his duties to his principal, unless physical harm results from reliance upon performance of the duties by the agent, or unless the agent has taken control of land or other tangible things.

Restatement (Second) of Agency § 352 (1958).

In addressing an agent's liability, our Court of Appeals in *Marshall* held both the landowner and her agent (husband) could be liable to an adjacent landowner whose home was damaged from a tree on the landowner's property. *Marshall*, 923 N.E.2d at 26. The Court of Appeals found both provisions of Section 352 were met because the agent admitted he had taken over upkeep of the property during the owner's illness and the adjacent landowner had relied on the agent's "performance of his duties as [the landowner's] agent" in addressing the danger of the decaying tree. *Id*.

Here, the facts are very different than those in *Marshall*. The record before us does not reflect that Clark took over control of the Wal-Mart premises nor does it reflect that anyone, including the Branscombs, relied specifically on him to ensure the store was safe. Also, Clark's position as store manager cannot, without more, subject him to liability. We find the comment to Section 352 instructive:

> An enforceable promise for the benefit of a third person may create a contractual duty to the third person (see § 342), but an agreement to carry out the purpose of the employer, which may be to help others, does not, without more, create a relation between the agent and the others upon which an action of tort can be brought for the harm which results from a failure of the agent to perform his duty to the principal.

Restatement (Second) of Agency § 352 cmt. a (1958).

While Clark maintaining the store for the benefit of Walmart may also benefit store patrons, Clark owed the duty to Wal-Mart, not store patrons, absent more. On this record, there is nothing more to make Clark liable to Plaintiffs.

# Conclusion

For these reasons, we answer the certified question in the negative and hold that when there are no allegations that a store manager controlled the premises where the harm occurred, he or she cannot be held liable under Indiana law.

Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEYS FOR APPELLANTS
Kevin S. Smith
Church Church Hittle & Antrim
Noblesville, Indiana

David A. Singleton
Tom Blackburn
Blackburn & Green
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES
Robert T. Keen, Jr.
Jerod A. Adler
Barrett McNagny LLP
Fort Wayne, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA TRIAL LAWYERS ASSOCIATION
Robert D. Brown
Sarah M. Cafiero

Kenneth J. Allen Law Group
Valparaiso, Indiana

ATTORNEYS FOR AMICUS CURIAE DEFENSE TRIAL COUNSEL OF INDIANA
Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Lucy R. Dollens
Quarles & Brady, LLP
Indianapolis, Indiana